IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 08-01ML |
| | ) | |
| LOIS BETTENCOURT | ) | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney for the District of Rhode Island, and Lee H. Vilker, Assistant U.S. Attorney, and hereby objects to the Defendant's Motion for a Downward Departure on the grounds set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ LEE H. VILKER
LEE H. VILKER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email lee.vilker@usdoj.gov

CERTIFICATION OF SERVICE

On this 22nd day of April 2008, I caused the Government's Objection to the Defendant's Motion for a Downward Departure to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mary S. McElroy, Esq., Assistant Federal Public Defender
10 Weybosset Street, 3rd Floor
Providence, RI 02903

Served Via Regular Mail

Kristen Mattias, United States Probation Officer
John O. Pastore Building & U.S. Post Office
2 Exchange Terrace
Providence, RI 02903

/s/ Lee H. Vilker
Lee H. Vilker
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5044
401-709-5001 (fax)
Lee.vilker@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Cr. 08-01ML |
| | : | |
| LOIS BETTENCOURT | : | |

GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE

Defendant Lois Bettencourt ("Bettencourt") engaged in a ninth-month scheme to systematically defraud her employer by forging her employer's stolen checks and making unauthorized ATM withdrawals from her employer's checking account. Defendant now seeks a downward departure under U.S.S.G. § 5K2.20, claiming that her behavior was "aberrant" under the Guidelines. As defendant's course of criminal conduct was completed with significant planning and was of lengthy duration, she cannot meet the plain requirements of section 5K2.20. Accordingly, her motion for a downward departure should be denied.

The pertinent Guideline section lists three requirements that must be satisfied before a court may grant a departure for aberrant behavior. They are that the defendant committed a single criminal occurrence or single transaction that "(1) was committed without significant planning, (2) was of limited

duration, and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20(b).[1]

In the instant case, it could not possibly be argued that the offense was committed without significant planning or was of limited duration. As the PSR delineates (PSR ¶ 10), Bettencourt engaged in a 9-month pattern of conduct in which she stole checks from her employer, forged 48 different checks by making them payable to herself in the same amount as her weekly salary (thus making it more difficult to discover her criminal conduct), stole and activated an ATM card, and made 68 different unauthorized ATM withdrawals. In addition, to conceal her conduct, Bettencourt withheld the pertinent bank statements from her employer. (Id.) This behavior represents the complete antithesis of the kind of activity for which the aberrant behavior departure was designed as it was of lengthy duration and was the product of significant planning.

---

[1] The Court of Appeals for the First Circuit had the opportunity to address the aberrant behavior departure in United States v. Grandmaison, 77 F.3d 555 (1st Cir. 1996). In Grandmaison, the Court of Appeals held that "determinations about whether an offense constitutes a single act of aberrant behavior should be made by reviewing the totality of the circumstances." Id. at 563.

Defendant's motion for a downward departure should therefore be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Lee H. Vilker

Lee H. Vilker
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5044
401-709-5001 (fax)
Lee.vilker@usdoj.gov

CERTIFICATION

I hereby certify that on the 22nd day of April, 2008, Government's Memorandum in Opposition was filed electronically and it is available for viewing and downloading from the ECF system:

Electronic notification

Mary S. McElroy, Esq., Assistant Federal Public Defender
10 Weybosset Street, 3rd Floor
Providence, RI 02903

Served Via Regular Mail

Kristen Mattias, United States Probation Officer
John O. Pastore Building & U.S. Post Office
2 Exchange Terrace
Providence, RI 02903

/s/ Lee H. Vilker
Lee H. Vilker
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5044
401-709-5001 (fax)
Lee.vilker@usdoj.gov